David Dalrymple. #74871.
ISCI
P.O.Box 14
Boise, Idaho 83707.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2018

JEFFREY P. COLWELL
CLERK

In The United States District Court

For The District Of Colorado.

David Dalrymple.
  Plaintiff.

case 16-cv-00875-MSK-KMT

-V.

Luis A. Rosa,
James Taylor,
and Adam schwartz
  Defendants.

Plaintiff Request Leave

Of The Court To Recuse

Judge For Cause, and

Requests A Review Of All

Decisions.

Comes now, David Dalrymple, Plaintiff acting pro se in the above entitled matter pursuant to 28 U.S. 455, hereby moves for the disqualification of Judge Marcia S. Krieger for cause. Plaintiff states the following in support.

### Brief History.

Plaintiff has recently received the Opinion and Order, (Doc.No.98) issued by Chief Judge Krieger. Plaintiff alleges this court has shown Judicial Bias and will address as follows.

1

This case was signed from Lewis T. Babcock, Senior Judge U.S. Dist. Court, To Chief Judge Marcia S. Krieger. And for the purpose of scheduling was assigned to Magistrate Judge Kathleen M. Tafoya.

Included in this filing is a motion to recuse Judge Tafoya.

Plaintiff is under the presumption that Judge Krieger's court and Judge Tafoya's court have operated hand in hand in regards to this case. That is to say that the decisions handed down by Judge Tafoya have been reviewed and agreed upon by Judge Krieger. Plaintiff therefor states the same reasons for recusal of Judge Krieger as for the Recusal of Judge Tafoya with additional reasons claimed here.

The list of defendants in this case is incomplete. As is the documented evidence Plaintiff has requested.

With the issuing of decisions in Doc. No. 97, and 98. The combined Effect of these courts is to deny plaintiff evidence on one hand, and to rush to trial with a plaintiff the court knows doesn't have the evidence he needs to present his case on the other.

This court has denied plaintiff's motion for cross summary judgment deeming it untimely, because plaintiff failed to obtain leave to file his own cross motion beyond the dispositive motion deadline."

Dalrymple states that he thought the two motions went together. The request to extend the deadline was for both motions. The court has seperated them as (89 and 90) Mr. Dalrymple apologizes to the court if this was a mistake on his part. At the same time Plaintiff questions why the court would choose not to consider the motion for cross summary judgmen An extension is still an extension, and the documents are so closely related that if it had been mentioned it most likely would have been granted along with the response.

2

Dalrymple is impressed with Judge Krieger's overall analysis of the information in this case. There are however notable exceptions to Judge Krieger's analysis which reach the level of Bias. Those exceptions are as follows.

1. The refusal of this court to issue subpoenas to Core Civic and IDOC for documents and evidence this court has stated is necessary in order for Dalrymple succeed with his claims.

2. The courts apparent shielding of Core Civic in it's discussion of the policies or potential policies used at KCCC.

3. The dismissal of Taylor as a defendant before the evidence is presented that would clarify his involvement in the confiscations.

Judge Krieger on pg.2,para.3. Talks about IDOC and Colorado policy and which one governed inmates housed at KCCC. Judge Krieger never mentions that Core Civic Policies may in fact be an option even though Dalrymple has claimed the defendants claimed Core Civic policies and procedures at the time of confiscation. In addition KCCC was a Core Civic run facility so it makes sense that Core Civic policy would control the operations. The willingness of this court to turn a blind eye to the possibility that Core Civic policy may be fundamental to this case, and this courts willingness to block Plaintiff's efforts to demonstrate that is clearly prejudicial to plaintiff's case.

Plaintiff asserts that the court appears to be attempting to direct attention away from Core Civic and onto IDOC and Colorado, this tactic has been utilized by defendants in this case and it's alarming to witness the same tactic from this court.

On pg.10. Judge Krieger states "if Mr. Dalrymple is able to show that neither IDOC nor a reading committee controlled the decision, and that Mr.Schwartz and Mr.Rosa decided on their own, to confiscate the books, Mr.Dalrymple is likely to succeed." "This issue will have to be resolved by trial".

The question here is, How is Dalrymple supposed to show Mr.Schwartz' and Mr.Rosa's involvement when the court denies him access to the records. No document provided by defendants indicates why those decisions were made. They claim IDOC but as this court has pointed out, that theory is without foundation. A review of reading committee record should indicate who and why the confiscations were made.

This court has chosen to deny access to the very information it has specified as necessary.

The dismissal of Taylor as a defendant.

The extent of Taylor's involvement has not been established. No fact has established that Taylor was not a decision maker in the confiscatio Taylor claimed to have been a member on the reading committee when this litigation began. In fact all of the defendants claimed they were on the reading committee. Taylor also assisted in the return of inmate propert back to Idaho where the story was told to Idaho property officers that caused the confiscation in Idaho. This event contributes directly to the ability to pursue his post-conviction motin. Taylor is one of two persons who could have told that story, the other is Schwartz.

Because Taylor initially claimed to be on the reading committee and was unit manager for Idaho inmates, his direct involvement would be expected in the decision to confiscate. In any event no evidence has been presented that would exonerate him.

This courts decision to dismiss Taylor as a defendant is at best premature and at worst appears to be an organized effort by this court to dismiss defendants one at a time regardless of the facts.

The fact of the matter for Taylor's involvement is the information requested and denied through subpoena will shed light directly on Taylor's involvement.

The question for this court is, Why are you denying evidence and dismissing defendants.

To further demonstrate bias by this court Dalrymple directs attention to the order of Judge Lewis T. Babcock, (Doc.No.9.)

Judge Babcock states,"In order to hold CCA liable for the allged tortious acts of it's agents,(Plaintiff) must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations".

Dalrymple has petitioned this court to amend the complaint to include Core Civic based on the defendants use of Core Civic Policy in the execution of these confiscations. Dalrymple has further named Core Civic employees,named and unnamed. specifically the members of the reading committee. The reason for the "named and unnamed"designation is no one knows exactly who all the members are.

By the defendants own admission,the reading committee is not used in Idaho.(see defendants status report,Doc.No.   )

None of the mailroom or property paperwork bares IDOC-designation.

And the defendants themselves claimed to have been operating within the authority of their employer Core Civic.

The question before this court is, Since the only policy and procedure that could possibly govern the actions of the reading

5

committee,(I,E. the decision makers) is and was CCA policies,Why has Core Civic not been added as a defendant;andinclude all the decision makers?

This court has repeatedly ignored the possibility that Core Civic is a responsible party.through the actions of it's employees and policies and proceedure.

Now this court denies Plaintiff the opportunity to gather policy from Core Civic.

Why does this court appear to be shielding Core Civic?and dismissin and dismissing self described "decision maker"(Taylor) from this action?

Plaintiff Requests Judge Krieger be recused and requests a review of these decisions and all decisions in this case.

Dated this 9th.day of April2018

David Dalrymple.
Plaintiff.

6

Declaration Under Penalty of Purjury.

I David Dalrymple, pursuant to 28 USC § 1746, I hereby declare the information contained herein is true and correct to the best of my knowledge.

*[signature]*

David Dalrymple.
Plaintiff.
April 9th, 2018.

Certificate of Service.

I hereby Certify, that on April 11th 2018 I sent a true and correct copy of Plaintiffs Request To Recuse Judge Krieger and review decisions to Defendants counsel,

Edmund M. Kennedy
C/O Hall`& Evans LLC
1001 17th.St.Suite 300
Denver, Colorado, 80202

Via U.S. Mail.

*[signature]*

David Dalrymple.

DAVID DALRYMPLE
74921 [illegible]
ISCI PO BOX 14
BOISE ID 83707

US POSTAGE PITNEY BOWES
ZIP 83634 $001.63°
0000347334 APR 12 2018

CLERK OF THE COURT
FOR JUDGE KRIEGER & JUDGE TAFOYA
U.S. DIST COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST. RM. A-105
DENVER, CO 80294-3589

LEGAL MAIL