# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 16-cv-00875-MSK-KMT

DAVID DALRYMPLE,

Plaintiff,

v.

LOIS A. ROSA, Assistant Warden, KCCC,
TAYLOR, Unit Manager, KCCC, and
SWARTZ, Property Officer, KCCC,

Defendant

---

## PROPOSED FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCE

The Final Pre-Trial Conference was held on July 23, 2018 at 1:00 p.m. Present on behalf of the Plaintiff: Ll. Rhyddid Watkins, Esq. and Christopher J. Casolaro, Esq. of Faegre Baker Daniels, LLP. Present on behalf of the Defendants: Edmund M. Kennedy, Esq., and Andrew D. Ringel, Esq., of Hall & Evans, LLC, 1001 17th Street, Suite 300, Denver, Colorado 80202; (303) 628-3300.

### 2. JURISDICTION

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because there is a complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00.

# 3. CLAIMS AND DEFENSES

I. <u>Plaintiff's Claims</u>

*Claim 1:* Violation of Mr. Dalrymple's First Amendment right to free speech under the federal constitution.

Mr. Dalrymple has the burden of proof by a preponderance of the evidence. Elements:

a. Defendants were acting under color of state law.
   i. Stipulated by the parties.
   ii. The Defendants were purporting to be lawfully exercising their powers invested by the state in confiscating books from Mr. Dalrymple.
b. Defendants deprived Plaintiff of rights secured by the United States Constitution.
   i. Defendants knowingly and intentionally deprived Mr. Dalrymple of reading material, including three books.
   ii. Defendants' decision had no reasonable relation to any legitimate governmental interest.
c. Defendants' acts were the proximate cause of Plaintiff's injuries
   i. As a result of Defendants' unlawful confiscation of his reading materials, Mr. Dalrymple suffered substantial damages, including the loss of use of his books.

*Claim 2:* Violation of Mr. Dalrymple's First Amendment right to petition the government for redress by depriving him of access the courts.

Mr. Dalrymple has the burden of proof by a preponderance of the evidence. Elements:

a. Defendants were acting under color of state law.
    i. Stipulated by the parties.
    ii. The Defendants were purporting to be lawfully exercising their powers invested by the state in confiscating books from Mr. Dalrymple.
b. Defendants deprived Plaintiff of rights secured by the United States Constitution.
    i. Defendants denied Mr. Dalrymple access to books.
    ii. The deprivation of the books hindered Mr. Dalrymple's ability to pursue his legal defense.
c. Defendants' acts were the proximate cause of Plaintiff's injuries.
    i. As a result of Defendants' unlawful confiscation of his reading materials, Mr. Dalrymple suffered substantial damages, including the loss of use of his books and hindering his legal defense.

*Claim 3:* Punitive damages under federal law.

Mr. Dalrymple has the burden of proof by a preponderance of the evidence. Elements:

a. Defendants' conduct was motivated by an evil intent or involved a reckless or callous indifference to Mr. Dalrymple's federally protected rights.

i. The absence of a justifiable reason for Defendants' conduct shows their reckless indifference to Mr. Dalrymple's constitutional rights.

ii. Defendants' knowledge that their actions violated Mr. Dalrymple's rights establish the punitive basis.

II. <u>Defendant's Affirmative Defenses</u>

- *Affirmative Defense No. 1 – Plaintiff fails to state a claim upon which any relief may be granted.*

    Plaintiff has the burden of proving, by a preponderance of the evidence, that Defendants acted with the requisite deliberate indifference to his constitutional rights by establishing that their actions had no legitimate, nondiscriminatory, penological purpose.

- *Affirmative Defense No. 2 – Plaintiff failed to mitigate his damages*

    Plaintiff has the burden of proving, by a preponderance of the evidence, that he took all reasonable and necessary steps to recover the books for purposes of his criminal appeal.

- *Affirmative Defense No. 3 –* Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*

    Plaintiff must establish he suffered a physical injury to obtain compensatory damages in this action.

- *Affirmative Defense No. 4 – Plaintiff's claims fail for a lack of personal participation by the individual Defendants*

    Plaintiff has the burden of proving, by a preponderance of the evidence, that each named defendant personally participated in the alleged constitutional violation.

- Defendants' conduct was, at all times, lawful, justified and privileged and any actions complained of by Plaintiff in relation to the Defendants were justified by penological reasons.

    Defendants have the burden of proving, by a preponderance of the evidence, that their actions were justified by penological reasons.

### 4. STIPULATIONS

1. At all times relevant to this action, Defendants were acting under the color of state law.

2. On August 22, 2012, Mr. Dalrymple was transferred from the Idaho Department of Corrections to Kit Carson Correctional Center ("KCCC"), in Burlington, Colorado.

3. David Dalrymple was at KCCC from August 22, 2012 until February 11, 2016.

4. While at KCCC, Mr. Dalrymple ordered books on hypnosis.

5. The books Mr. Dalrymple ordered were confiscated upon their arrival at KCCC on January 3, 2016.

6. In addition, Defendant Schwartz confiscated additional hypnosis books already in Mr. Dalrymple's possession on February 3, 2016.

7. Upon his return to Idaho, the books were not immediately returned to Mr. Dalrymple.

8. Mr. Dalrymple engaged in the Idaho grievance process to protest the confiscation of his books and the failure to return the books to him.

9. Between April 2016 and April 2018, Mr. Dalrymple worked through the grievance process and the books were returned to him.

## 5. PENDING MOTIONS

Mr. Dalrymple currently has a motion pending to amend his complaint. Defendants filed a Motion to Strike the Tendered Amended Complaint that is also still pending. There are no other pending motions.

## 6. WITNESSES

a. A Joint Witness List using this division's format is attached.

## 7. EXHIBITS

a. A Joint Exhibit List using this division's format is attached.

b. Copies of listed exhibits must be provided to opposing counsel no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed

with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Plaintiff is seeking to subpoena documents from two entities that are not parties to this action. Otherwise, discovery has been completed.

## 9. SPECIAL ISSUES

The parties acknowledge the Court's Practice Standards regarding witness availability for trial and the presentation of testimony in lieu of testifying in person or live.

The parties are to address additional issued in a trial brief to be filed by _____.

## 10. SETTLEMENT

a. Counsel for the parties met by telephone on July 10, 2018, to discuss possible settlement of the case and continue to have discussions about settlement.

b. The parties have been promptly informed of all offers of settlement.

c. Counsel for the parties *do not* intend to hold future settlement conferences, but are actively pursuing settlement discussions.

## 11. OFFER OF JUDGMENT

Counsel for both parties acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure, and have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial will be to a jury.

2. The parties estimate trial will last three days or less.

3. Trial will be held at the Alfred A. Arraj United States Courthouse, Courtroom A901, located in Denver, Colorado.

4. Counsel and the parties are familiar with this division's procedures for conducting trial, and consistent with the Court's Practice Standards, will contact the Courtroom Clerk in advance of trial to coordinate presentation technology and associated matters.

DATED this _____ day of July, 2018.

**BY THE COURT:**

_____
**UNITED STATES DISTRICT COURT JUDGE**

**APPROVED:**

| | |
|---|---|
| *s/Ll. Rhyddid Watkins* | *s/Edmund M. Kennedy* |
| Ll. Rhyddid Watkins, Esq. | Edmund M. Kennedy, Esq. |
| Christopher J. Casolaro, Esq. | Andrew D. Ringel, Esq. |
| FAEGRE BAKER DANIELS, LLP | HALL & EVANS, L.L.C. |
| 1700 Lincoln Street, #3200 | 1001 17th Street, Suite 300 |
| Denver, CO 80203 | Denver, CO 80202 |
| Phone: (303) 607-3500 | Phone: (303) 628-3300 |
| Rhyddid.Watkins@FaegreBD.com | Kennedye@hallevans.com |
| Christopher.casolaro@FaegreBD.com | Ringela@hallevans.com |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS LOIS A. ROSA AND SWARTZ** |

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 16th day of July, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Attorneys for Plaintiff:**

Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
Kennedye@hallevans.com
Ringela@hallevans.com

                                           s/ Carol Wildt
                                           Legal Administrative Assistant